# Richmond.

## CAMP AND MEEHL V. CHRISTO MANUFACTURING COMPANY.

### March 21, 1918.

1. PLEADING—*General Issue—Sales.*—In an action at law by motion to recover the amount of certain promissory notes executed by the defendants in favor of the plaintiff, the defense relied on was that the notes evidenced but a part of a certain contract of sale in writing between the plaintiff and defendants executed by them at the same time the notes were executed; that the plaintiff in pursuance of the contract insured its interest in the subject of the sale against loss by fire, and upon its loss by fire collected the insurance, which the defendants were entitled to have credited on the indebtedness evidenced by the notes, but which the plaintiff refused to so credit. Although the notes, and not the contract, were sued on upon the face of the notice of motion, the testimony introduced by the plaintiff itself disclosed that the notes constituted a part of a written contract between the parties, all entered into at one and the same time. Hence, the action on the notes was an action on the written contract also and the general issue involved the question of what was that contract and the effect of it upon the obligation of the notes; therefore, the defense above stated was provable and could be relied on by the defendants under their plea of the general issue, and no special plea was necessary to put such defense in issue.

2. SALES—*Contract to Insure.*—When the vendor of property on credit effects insurance upon it in pursuance of the contract of sale, the insurance is collateral security for the payment of the debt and the vendor must credit the debt by whatever amount he may realize from such insurance if not in excess of the debt, and if in excess of the debt, the residue must be paid over by the vendor to the vendee. And this is true whether the insurance be of property or only of the vendor's insurable interest therein.

3. SALES—*Contract to Insure.*—If the vendor effects, for his own benefit, insurance on the property sold, independently of any contract with the vendee on the subject, the latter is entitled to no benefit from the insurance.

4.  SALES—*Contract to Insure.*—Where there is a contract between
    vendor and vendee containing a covenant with respect to in-
    surance, the insurance taken out while such contract is in force
    will be presumed to have been effected in pursuance of the con-
    tract, in the absence of evidence to the contrary.

Error to a judgment of the Corporation Court of the city
of Hopewell, in a proceeding by motion for a judgment for
money.   Judgment for the plaintiffs.   Defendant assigns
error.

*Reversed and Remanded.*

## STATEMENT OF THE CASE AND FACTS.

This is an action at law by motion of the defendant in
error (hereinafter referred to as plaintiff) against the
plaintiffs in error (hereinafter referred to as defendants)
to recover the amount of certain promissory notes executed
by the defendant in favor of the plaintiffs.

The defense relied on is, in substance, that said notes
evidenced but a part of a certain contract in writing be-
tween the plaintiff and defendants executed by them both
at the same time the notes were executed by the defendants.
That the subject of such contract was a soda water fountain
for the purchase price of which said notes were given; that
the plaintiff after said contract was executed, and in pur-
suance of said contract, insured its interest in said property
against loss by fire; that the said property was destroyed
by fire; and that before said action was instituted the plain-
tiff collected from such insurance an amount to the defend-
ants unknown, which the defendants were entitled to have
credited on said indebtedness evidenced by said notes, but
which the plaintiff did not so credit, or any part thereof, and
refused so to do.

## THE EVIDENCE AND FACTS.

The material evidence in the cause shown by plaintiff's own witnesses is that said written contract contained the following provision:

"And I" (the defendants) "agree to insure the said property" (the soda water fountain) "promptly and keep the same insured, at my own expense, loss, if any, payable to you" (the plaintiff) "as your interest may appear; and I will forward you the policies covering the same. If I delay furnishing insurance you may at your option insure your interest, and I will pay the premium."

The president of the plaintiff testified that at the time the contract was executed he knew that the defendants could not get fire insurance where their business was located; that the defendants then in fact so informed the plaintiff and that they (the defendants) could not themselves take out such insurance; but such president testified that he did not promise or make any binding obligation that the plaintiff would take out and carry such insurance. There is other testimony for the plaintiff to the same effect. The witnesses for plaintiff admit, however, that after the contract was executed and the said property was sold and delivered to the defendants the plaintiff did insure their interest in said property by a blanket policy of insurance; that such property was afterwards destroyed by fire and the plaintiff collected from such insurance some $250 or $269 (the exact amount not being shown by the evidence) which the plaintiff claimed as its own money on the ground that it was collected from insurance independently effected by the plaintiff, as plaintiff claimed on the trial; and that the defendants were not entitled to receive any credit therefor on said indebtedness.

There is no other evidence bearing on the question as to whether said insurance was effected in pursuance of said contract or independently thereof by the plaintiff.

The defendants attempted to prove that the provision in the contract in writing above quoted was altered by mutual agreement before the contract was signed so as to provide, in substance, a positive obligation on the part of the plaintiff to carry fire insurance "and stand the risk of loss;" but the testimony for the defendants fall short of furnishing any evidence of any probative value to sustain such attempted proof, so that the foregoing statement of evidence must be taken to show the material facts of the case.

### FURTHER PROCEEDINGS.

There was a trial by jury which resulted in a verdict and judgment thereon for the plaintiff for the full amount claimed by it.

There was a motion by the defendants before the court below to set aside the verdict because of misdirection of the jury and on other grounds. :

The assignment of error with respect to the alleged misdirection of the jury is the giving by the trial court of instructions Nos. 1, 3 and 4, as asked for by the plaintiff. Numbers 1 and 3 of those instructions were as follows:

Instructions of Plaintiff (Given). "No. 1. The court instructs the jury that if they believe from the evidence that the plaintiffs and defendants entered into the contract of September 29, 1915, and by virtue thereof the plaintiff sold and delivered to the defendants the property mentioned in the contract and evidenced by notes of the defendants, they must find for the plaintiff for the amount sued for with interest and ten per cent. attorney's fee.''

Instruction No. 3 (Given). "The court instructs the jury that if they believe from the evidence that the plaintiffs, the Christo Manufacturing Company, carried a blanket credit insurance on the property in this case along with all the other property sold by them under like terms and con-

ditions, that said insurance is but an insurance of the debts owing to the plaintiffs in which the defendants have no interest and they must find for the plaintiff so far as the question of insurance in this case is concerned, unless they also believe from the evidence that the contract was an express stipulation on the part of the plaintiffs that they would stand all loss in case of destruction by fire of the property."

Of the other assignments of error it is sufficient to say that one of them raises the question before us whether a special plea was necessary to put in issue the defense aforesaid.

*Robert G. Hundley* and *C. H. Morrisette,* for the plaintiffs in error.

*Lemon & Blankenship,* for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

1. The defense above stated was provable and hence could be relied on by the defendants under their plea of the general issue, and no special plea was necessary to put such defense in issue. It is true the notes, and not the contract, were sued on upon the face of the notice or motion. But the testimony introduced by the plaintiff itself disclosed that the notes constituted a part of a written contract between the parties, all entered into at one and the same time. Hence, the action on the notes was an action on the written contract also and the general issue involved the question of what was that contract and the effect of it upon the obligation of said notes. Further—

2. In the view we take of the case the fact that the contract in writing between the parties did not contain a positive obligation on the part of the plaintiff to insure its in-

terest in the property which was the subject of the contract, is immaterial. The contract provided that the plaintiff had thereunder an option so to do. It did in fact, after the contract was made, insure such interest and subsequently realized from collection of such insurance some $250 or $269 for which it has not given the defendants any credit and declines to do so. Since the contract contained the express provision as to insurance above quoted, we are of opinion that the insurance, afterwards effected by the plaintiff in accordance with the option given it by such provision, must be taken to have been effected in pursuance of such contract, in the absence of any evidence to the contrary, except the mere claim of the plaintiff *post motem litem* that it effected the insurance independently. The insurance is presumed under such circumstances to have been taken out in accordance with the provision in the contract.

Such a provision as that contained in the instant case is a very frequent one in contracts such as that in question; and practically the same provision is often contained in mortgages and deeds of trust. It is well settled that when the vendor of the property effects insurance in pursuance of such a contract, the insurance is collateral security for the payment of the debt and the vendor must credit the debt by whatever amount he may realize from such insurance if not in excess of the debt, and if in excess of the debt, the residue must be paid over by the vendor to the vendee. And this is true whether the insurance be of property or only of the vendor's insurable interest therein. See note of Judge Freeman, 54 Am. Dec. 698-9; 2 May on Ins., sec. 452 B, 452 C; Vance on Ins., secs. 417, 419.

It is true that if the vendor effects, for his own benefit, insurance on the property sold, independently of any contract with the vendee on the subject, the latter is entitled to no benefit from the insurance. See 54 Am. Dec. 693, *et seq.*, and *Carpenter* v. *Providence Washington Ins. Co.*,

16 Pet. (U. S.) 495, 10 L. Ed. 1044.   But such is not the case before us as shown by the evidence in the record. And, as above noted, where there is a contract between vendor and vendee containing a covenant with respect to insurance, the insurance taken out while such contract is in force will be presumed to have been effected in pursuance of the contract, in the absence of evidence to the contrary.

The instructions above quoted erroneously disregarded the above mentioned rule of law.   And as they directed a verdict in favor of the plaintiff for the full amount of its claim in disregard of such rule, and as the facts in the case as shown by the plaintiff's own evidence established that under such rule the defendants were entitled to the credit aforesaid, such action of the court affirmatively appears from the record to have been prejudicial to the defendants and hence was reversible error.

This being our conclusion, we find it unnecessary to consider or pass upon the other assignments of error of the defendants, as they are none of them such as are likely to arise on a new trial of the case.

The result of the above holding is that the judgment complained of was excessive to the extent of $250 or $269, the fire insurance money collected by the plaintiff which should have been credited, but was not credited, on the plaintiff's debt in accordance with the evidence in the case upon its trial in the court below.   We are, therefore, of opinion to set aside and reverse the judgment, and remand the case to the trial court with instructions to put the plaintiff on terms to release the said excess amount of such judgment to the extent of the fire insurance money aforesaid collected by it of not less than $250, or to award a new trial, and if such excess is released to enter judgment for the correct amount of the plaintiff's debt so ascertained.

*Reversed and Remanded.*